```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV748 FRB |
| ) | |
| SWARM SHARING HASH FILES ) | |
| 25600BE3C6CC4529AC4247FA9B6BCB8B530857EB, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND
### AMENDED PROTECTIVE ORDER

This cause is before the Court, sua sponte, upon review of the file. The matter was assigned to and is currently pending before the undersigned United States Magistrate Judge pursuant to E.D. Mo. L.R. 2.08(A).

In an Order Permitting Limited Discovery and Protective Order (Protective Order) entered June 18, 2012, this Court permitted plaintiff to serve Rule 45 subpoenas upon certain third party ISPs in order to obtain the identity of Doe Defendants 1-442 under the specific conditions as set forth in the Protective Order. (Doc. #12.) Subsequent to the entry of this Protective Order, and prior to the deadline(s) imposed therein for disclosure of any Doe identities, the Court became aware that one or more of the Rule 45 subpoenas issued by plaintiff contained an inaccurate case number. In order to prevent the disclosure of personal identifying information that otherwise may not have been permitted under the

previous Protective Order, the Court stayed this cause of action in its entirety until the effects of plaintiff's error could be cured. (See Order, Doc. #31.)  Pursuant to this stay, no information responsive to any Rule 45 subpoena was permitted to be produced to plaintiff by any ISP in this cause.  (Id.)

In response to this Stay Order, plaintiff has informed the Court that the error at issue occurred only with respect to the Rule 45 subpoena issued to ISP Charter Communications, Inc., and that such error did not occur with respect to the subpoenas issued to the other ISPs.  (Doc. #34.)  Plaintiff proposes that it be permitted to reissue a subpoena to Charter Communications, Inc., with the correct information, and that the deadlines previously imposed in this cause be extended as to all parties, regardless of ISP affiliation.

Upon review of the current status of these proceedings, the error at issue, and plaintiff's proposed resolution of the error,

**IT IS HEREBY ORDERED** that the stay previously imposed in this cause is **LIFTED**.

**IT IS FURTHER ORDERED** that the following schedule shall govern all further proceedings in this cause with respect to limited pre-service discovery directed to third party ISPs.  All deadlines and schedules imposed by this Court's previous Protective Order (Doc. #12) shall no longer be in effect.

**IT IS FURTHER ORDERED** that plaintiff may serve an amended subpoena pursuant to Fed. R. Civ. P. 45 on Charter Communications, Inc., regarding the Charter subscribers (Charter Doe Defendants) identified in Exhibit A to plaintiff's Complaint (Doc. #1) seeking documents to obtain the identity of each Charter Doe Defendant, including the name, current (and permanent) addresses, e-mail addresses, and Media Access Control addresses for each defendant. *Plaintiff shall not seek said information from Charter Communications, Inc., regarding Doe Defendant #61, Doe Defendant #62, Doe Defendant #63, Doe Defendant #65, Doe Defendant #66, Doe Defendant #68, Doe Defendant #121, Doe Defendant #122, Doe Defendant #123, Doe Defendant #124, Doe Defendant #125, Doe Defendant #139, and Doe Defendant #377 inasmuch as said defendants have previously been dismissed from this cause with prejudice.*

**IT IS FURTHER ORDERED** that the amended Rule 45 subpoena served upon Charter Communications, Inc., pursuant to this Order shall have a copy of this Order attached.

**IT IS FURTHER ORDERED** that, not later than **December 14, 2012,** Charter Communications, Inc., shall serve the Charter Doe Defendants, excepting those who have been dismissed as set out above, with a copy of the amended Rule 45 subpoena and a copy of this Order.  Charter Communications, Inc., may serve said Charter Doe Defendants using any reasonable means, including written notice sent to his or her last known address, transmitted either by

first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that plaintiff shall serve a copy of this Order **forthwith** upon the remaining third party ISPs subject to the Rule 45 subpoenas previously issued in this cause, and namely, AT&T, Inc.; CenturyLink, Inc.; Cequel Communications, LLC; Fidelity Communications Co.; Sprint Nextel Corp.; and Time Warner Cable, Inc.

**IT IS FURTHER ORDERED** that, not later than **December 14, 2012**, the remaining third party ISPs in this cause, and namely AT&T, Inc.; CenturyLink, Inc.; Cequel Communications, LLC; Fidelity Communications Co.; Sprint Nextel Corp.; and Time Warner Cable, Inc., shall serve the remaining Doe Defendants with a copy of this Order, excepting those who have been dismissed as set out above. Said remaining third party ISPs may serve said Doe Defendants using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that, not later than **January 28, 2013,** *any and all Doe Defendants* may file any motions with this Court contesting the subpoena(s) issued in this cause (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously ("the motion period"). *Any motion, request or document filed with the Court shall include the moving party's Doe Number and/or Host IP address as provided by*

*their respective ISP provider.*[1]

**IT IS FURTHER ORDERED** that the ISPs shall not turn over any Doe Defendants' identifying information to plaintiff West Coast Productions, Inc., prior to the expiration of this motion period. If a Doe Defendant or ISP files a motion to quash or otherwise challenges the subpoena, the ISPs shall not turn over to plaintiff any information relating to such moving party until the issues have been addressed and the Court issues an Order instructing the ISPs to turn over the requested discovery.

**IT IS FURTHER ORDERED** that a Doe Defendant or ISP who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as his or her filing also notify all ISPs so that the ISPs are on notice not to release any of their respective contact information to plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that, unless otherwise ordered by the Court, plaintiff shall have to and including **February 11, 2013**, by which to file its brief(s) in response to any Doe motions. Unless otherwise ordered by the Court, any reply briefs shall be

---

[1] The Court is aware that numerous Doe Defendants filed objections to the subpoena(s) in accordance with the schedule set out in the original Protective Order.  These Doe Defendants are encouraged to resubmit their objections to the Court in response to the instant Amended Protective Order so that this limited Doe information may now be included.  Said limited information is required only for the Court's purpose of notifying Doe Defendants, through their ISP provider, of relevant action in this cause.

filed by the moving Doe Defendants not later than **February 25, 2013.**

**IT IS FURTHER ORDERED** that the ISPs shall have to and including **February 28, 2013,** by which to produce to plaintiff West Coast Productions, Inc., the information responsive to the subpoena *as to any non-moving Doe Defendant(s) only.*

**IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**IT IS FURTHER ORDERED** that any information disclosed to plaintiff in response to the Rule 45 subpoena may be used by plaintiff solely for the purpose of protecting its rights under the Copyright Act as set out in the Complaint in this cause.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _22nd_ day of October, 2012.