UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:12CV748 CDP |
| ) | |
| SWARM SHARING HASH FILES ) | |
| 25600BE3C6CC4529AC4247FA9B6BCB8B530857EB ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

In this case, plaintiff West Coast Productions sued hundreds of Internet users who allegedly participated in a peer-to-peer network downloading and sharing plaintiff's copyrighted material.  When it filed suit, plaintiff identified the users by their IP addresses and other digital identifiers and sought leave to serve subpoenas on the users' Internet Service Providers (ISPs) to obtain their names and addresses. Judge Buckles granted that motion, but later stayed the case in its entirety so that he could consider pending motions from various Doe defendants and nonparty ISPs.  While that stay was still in place, the case was transferred to me.

On November 19, 2013, plaintiff filed an amended complaint that named only one defendant: John Doe 337.  It also moved to renew its earlier motion for leave to do expedited discovery.  Although plaintiff did not seek leave to amend its

complaint, I will permit it to do so.  I will also grant its motion for leave to take discovery.  Dropping the other Doe defendants renders moot the remaining pending motions, so I will deny them and lift the stay.

Accordingly,

**IT IS HEREBY ORDERED** that:

The stay is lifted.

The motions to dismiss, sever, or quash filed by various Doe defendants [24, 25, 26, 29, and 64] are denied as moot.

The motion for leave to file notice of objections and motion to modify memorandum and amended protective order [47] is denied as moot.

Plaintiff's motion to supplement its response in opposition to motion [54] is denied as moot.

**IT IS FURTHER ORDERED** that:

Plaintiff's motion for leave to renew its motion and memorandum for leave to take discovery prior to Rule 26(f) conference [81] is granted.

Plaintiff shall, no later than **December 5, 2013**, serve discovery on the third party ISP identified in Exhibit A of its Amended Complaint to obtain the identity of the Doe Defendant by serving a subpoena pursuant to Fed. R. Civ. P. 45 that seeks documents that identify the Doe Defendant, including his or her name, address, e-mail address, and Media Access Control addresses.

The subpoena is limited to providing Plaintiff with the true name, address, email address, and Media Access Control address of the Doe Defendant. The subpoena is limited to the information relating to the IP address set forth in Exhibit A to Plaintiff's Amended Complaint. Plaintiff shall serve a copy of this order with the issued subpoena.

Any ISP that qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5) shall comply with 57 U.S.C. § 551(c)(2)(B) by serving a copy of the subpoena and this order on the subscriber no later than **December 30, 2013**. The ISP may serve the relevant Doe Defendant using any reasonable means, including written notice to his last known address, transmitted by either first-class mail or overnight service.

The Doe Defendant shall have until **January 31, 2014** to file a motion, or motions, contesting the subpoena. No ISP may turn over the Defendants' identifying information before this 30-day period expires. If the Doe Defendant files a motion to quash, or other similar motion, their ISP shall not turn over any information to Plaintiff until the appropriate court rules in favor of Plaintiff on the merits of the motion. In addition, a Doe Defendant or ISP who files such a motion must immediately notify all ISPs so that the ISPs are on notice not to release any of that Doe Defendant's contact information to Plaintiff until the appropriate court rules on such motions.

If the Doe Defendant files a motion, or motions, contesting the subpoena, Plaintiff shall have until **February 14, 2014** to file a brief in response.  Any reply brief shall be filed no later than **February 28, 2014**.

If that 30-day period lapses without the Doe Defendant contesting the subpoena, or if the appropriate court rules in favor of Plaintiff on any motion(s) contesting the relevant subpoena, the ISP shall have **14 days** to produce the information responsive to the subpoena to Plaintiff.

The subpoenaed ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion contesting the subpoena.

Nothing set forth herein abrogates the protections afforded to the Doe Defendant or the ISPs under Fed. R. Civ. P. 45(c).

Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Amended Complaint.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of November, 2013.